Henry Epstein, J.
Defendant moves for dismissal of the complaint for legal insufficiency. It is alleged that at the time plaintiff took and recorded his second mortgage, defendant’s first mortgage was reduced to the sum of $18,500. His mortgage provided: “This mortgage is subject and subordinate to a mortgage presently held by the Kings County Savings Bank in the reduced sum of approximately $18,500,00 with appropriate interest, to any extensions thereof and to any mortgage or consolidated mortgage which may be placed on the premises in lieu thereof and to extensions thereof provided a) the interest rate thereof shall not be greater than 6% per annum and b) that if the principal amount thereof shall exceed amount of principal owing and unpaid on said existing mortgage at the time of placing such new mortgage, or consolidated mortgage, the excess to be paid to the holder of this mortgage in reduction of the principal thereof which shall not effect or alter the regular installments of principal payable thereunder, and the holder of this mortgage shall on demand and without charge, execute, acknowledge and deliver any agreements to effectuate such subordination.” Thereafter the defendant made a further loan to the owner in the sum of $8,872.50, The bond was secured by an extension and modification agreement, which provided: 11 fourteenth : that the lien of this mortgage and the lien of mortgage made by YVilliam J. Schimpf to The Kings County Savings Bank, recorded in the Office of the Register of the City *888 of New York for the County of Kings in Liber 10265 mp. 381; and mortgage made by William J. Schimpf to the Kings County Savings Bank, recorded in said Register’s Office in Liber 11555 mp. 520, which last two mentioned mortgages were consolidated to constitute a single lien by terms of the last mentioned mortgage, and upon which mortgages, as consolidated, there is unpaid the principal sum of nine thousand three hundred seventy-seven and 50/100 ($9,377.50 dollars) ; together with the bonds accompanying the same, be, and the same hereby are coordinated and consolidated to constitute a single lien in the SUm Of EIGHTEEN THOUSAND TWO HUNDRED FIFTY ($18,250.00 dollars.) ” It is further alleged that at the time of such further loan and extension and modification agreement the defendant had knowledge of the existence of the second mortgage lien and of the quoted provision thereof. Such further loan and agreement were made without a further subordination agreement.
Plaintiff argues that the extension agreement and consolidation mortgage covered a debt which exceeded by the amount of the second loan the amount of the ‘ ‘ principal owing and unpaid on said existing mortgage ” at the time the new and consolidated mortgage was placed. Accordingly defendant has injured plaintiff’s mortgage security and is obliged to make payment to the plaintiff of an amount equal to that excess. To be sure, as plaintiff argues, he had the right to receive in reduction of his mortgage the amount of the second loan, but the duty to honor that right was on the mortgagor as well as the duty to make all other payments to the plaintiff as required by the second mortgage. If plaintiff was aggrieved he could proceed against the mortgagor upon a default or he may claim against the defendant or defend upon the position if he deems it correct that at least in part defendant’s mortgage is subordinate to plaintiff’s mortgage. Such action or defense would arise in equity for defendant has no personal obligation to make payment of the excess directly to the plaintiff. Indeed, plaintiff states in his brief that if the owner ‘1 did procure any excess monies from the bank that such excess monies would be paid to the holder of the second mortgage in reduction of the principal then due and owing thereon”; and again, “the plaintiff gave Schimpf (owner) the privilege of refinancing without the necessity of his further consent, but at the same time compelling Schimpf to prepay to the extent thereof.”
Several additional claimed facts are set forth in plaintiff’s brief not appearing in the complaint. If plaintiff feels aggrieved thereby and deems that based thereon he possesses ground for *889 redress against the defendant, he may replead so as to state any such grievance.
The motion is granted dismissing the complaint, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.